# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHN T. YOERGER,<br><br>                  Plaintiff,<br><br>   v.<br><br>AMAZON WEB SERVICES, INC., a Delaware corporation subsidiary of Amazon Inc.; ENRIQUE DUVIOS, an individual; ROMAIN JORDAN, an individual; FELIPE LEMAITRE an individual; ALI SPITTEL an individual; and HAN LAI, an individual,<br><br>                  Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO:       Clerk, United States District Court for the Western District of Washington

AND TO:  Paul J. Boudreaux, Esq.

Defendant Amazon Web Services, Inc. ("Amazon"), hereby removes to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 25-2-29550-8 in the Superior Court of Washington for King County. Amazon removes the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds set forth below.

Pursuant to 28 U.S.C. § 1446(a), a copy of the original Summons and Complaint are attached as **Exhibit A** to the Declaration of Matt Jedreski in Support of Amazon Web Services Inc.'s Notice of Removal ("Jedreski Decl."). Pursuant to LCR 101(b)(1), Plaintiff's Complaint is separately attached as **Exhibit B** to the Jedreski Declaration. The Notice of Service of Process is attached as **Exhibit C** to the Jedreski Declaration. All of the remaining filings on the docket in the

NOTICE OF REMOVAL - 1

State Court Action are attached as **Exhibit D**: The Order Setting Civil Case Schedule, the Case Information Cover Sheet and Area Designation, and the Notice of Appearance on behalf of Amazon Web Services, Inc. Exhibits A- D to the Jedreski Declaration include Plaintiff's service of process and the pleadings and orders on the docket. *See* 28 U.S.C. § 1446(a).

## I.     FACTS AND PROCEDURAL HISTORY

1. According to the docket, on October 7, 2025, Plaintiff John T. Yoerger filed a Complaint for damages and injunctive relief in the Superior Court for King County, Washington, titled *John Yoerger v. Amazon Web Services, Inc., et al.*, Case No. 25-2-29550-8 SEA (the "Complaint").

2. Plaintiff alleges claims against Amazon, a Delaware corporation with its principal place of business in King County, Washington, and individual defendants Enrique Duvios, Romain Jordan, Felipe LeMaitre, Ali Spittel, and Han Lai, who were alleged to be employees of Amazon.

3. According to the proof of service filed by Plaintiff, Amazon was served with the Complaint on November 12, 2025.

4. Plaintiff has not properly effected service on any other defendant. There are no other proofs of service filed on the docket.

5. Amazon denies any liability in this case. For purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiff's Complaint are assumed to be true.

6. Plaintiff asserts causes of action under both federal law and Washington state law, including: Disability Discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; Retaliation under the ADA, 42 U.S.C. § 12203; Interference under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1); Discrimination and Retaliation under the Washington Law Against Discrimination ("WLAD"), RCW 49.60; Failure to Disclose Personnel Records and Discharge Statement under RCW 49.12.250; and Negligent Infliction of Emotional Distress ("NIED").

7. Plaintiff alleges that the events giving rise to his claims occurred during his employment with Amazon, which began in April 2022 and ended in June 2025, and that Amazon

NOTICE OF REMOVAL - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

failed to accommodate his disability, retaliated against him for requesting accommodations, interfered with his FMLA rights, and subjected him to adverse employment actions, including reassignment, placement in performance management programs, and constructive discharge.

8. Plaintiff further alleges that individual defendants aided and abetted discriminatory practices and retaliatory conduct, and that Amazon failed to comply with its obligations under state and federal law.

9. Plaintiff alleges he filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") in accordance with 42 U.S.C. § 2000e-5(e)(1) (Title VII), 42 U.S.C. § 12117(a) (ADA), and 29 U.S.C. § 626(d) (ADEA).

10. Plaintiff alleges the EEOC issued him a right to sue letter on or about September 4, 2025, and he subsequently filed this action in state court.

11. No further proceedings have occurred in the state court.

## II.    BASES FOR REMOVAL

12. Removal is timely because it is within 30 days of Plaintiff's service of the lawsuit on Amazon. *See* 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. § 1446(b)(2). No previous Notice of Removal has been filed or made with this Court for the relief herein.

13. Amazon need not obtain consent to removal from any co-defendant because no co-defendant has been served. 28 U.S.C. § 1446(b)(2).

14. Amazon removes this action on the basis of federal question jurisdiction. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441 and 1331, as Plaintiff asserts claims arising under federal law, including violations of the ADA, 42 U.S.C. §§ 12112 and 12203, and the FMLA, 29 U.S.C. § 2615, which confer original jurisdiction to this Court. Additionally, Plaintiff seeks remedies under 42 U.S.C. § 1981a, which allows for compensatory and punitive damages in cases of intentional discrimination under the ADA. These federal claims provide a basis for federal question jurisdiction under 28 U.S.C. § 1331.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

15. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise out of the same set of facts and circumstances as the federal claims and form part of the same case or controversy.

### III. REMOVAL IS PROPER

16. King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

17. As required by 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

18. Nothing in this Removal shall be interpreted as a waiver or relinquishment of Amazon's right to assert any defense. Amazon reserves the right to assert all applicable claims and defenses in response to the operative Complaint.

### IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

19. Consistent with 28 U.S.C. § 1446, Amazon provides this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Yoerger, and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of King County.

21. Amazon has complied with all applicable local rules for the Western District of Washington regarding this Notice of Removal.

NOTICE OF REMOVAL - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## V. CONCLUSION

22. In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because:

1. Plaintiff asserts claims arising under federal law, including violations of the ADA, 42 U.S.C. §§ 12112 and 12203, and the FMLA, 29 U.S.C. § 2615, which confer federal question jurisdiction;

2. Plaintiff seeks remedies under 42 U.S.C. § 1981a, which allows for compensatory and punitive damages in cases of intentional discrimination under the ADA; and

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise out of the same set of facts and circumstances as the federal claims and form part of the same case or controversy.

DATED this 11th day of December, 2025.

Davis Wright Tremaine LLP
*Attorneys for Defendant Amazon Web Services, Inc.*

By */s/ Matthew Jedreski*
*/s/ Sheehan Sullivan*
*/s/ David Rund*
Matt Jedreski, WSBA #50542
Sheehan Sullivan, WSBA #33189
David Rund, WSBA #60862
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
P: 206-622-3150
F: 206-757-7700
Email: mjedreski@dwt.com
Email: sulls@dwt.com
Email: davidrund@dwt.com

NOTICE OF REMOVAL - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | |
|---|---|
| Paul J. Boudreaux, WSBA #49038<br>Email: lateknightlegal@gmail.com<br>KNIGHT LEGAL PLLC<br>PO Box 65367<br>University Place, WA  98464<br>P: 253-656-4475<br>*Attorneys for Plaintiff* | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☒ ECF |

Declared under penalty of perjury under the law of the state of Washington dated at Seattle, Washington this 11th day of December, 2025.

*s/ Sarah Gunderson*
Sarah Gunderson, Legal Assistant

NOTICE OF REMOVAL - 6